## No. 17,064.

FIANT ET AL. *v.* TOWN OF NATURITA ET AL.

(259 P. [2d] 278)

Decided June 15, 1953.

Messrs. BRYANT, PETRIE & WALDECK, for plaintiffs in error.

Mr. THEODORE L. BROOKS, for defendants in error.

*En Banc.*

MR. JUSTICE CLARK delivered the opinion of the court.

THIS matter comes before us upon motion on behalf of defendants in error to dismiss the writ of error heretofore issued by this court. Defendants in error are the petitioners for the incorporation of the Town of Naturita, the Town of Naturita, and its board of trustees, all of whom we will hereinafter designate as proponents.

Plaintiffs in error represent those who oppose incorporation of the Town of Naturita, to whom we will herein refer as objectors.

The record shows that on the 15th day of February, 1951, there was filed in the county court of Montrose county a petition for the incorporation of the Town of Naturita; that on the 9th of March, 1951, that court by order appointed a substitute commissioner because of the inability of one of the originally named commissioners to serve; that on the 30th day of April, 1951, said commissioners filed in court their report of election held on April 21, 1951, certifying that thereat were cast the ballots of 73 qualified electors, 41 thereof in favor of, and 32 against, incorporation. On May 4, 1951, the court entered its judgment and decree (entitled "Order"), a part of which we quote as follows: "Finds that the Petition for incorporation and all proceedings in this cause are conformable and in accordance with the law and with the order of this court; that the election held hereunder was regular and fair; that at said election a majority of the ballots cast was in favor of incorporation, it is therefore,

"Ordered, adjudged and decreed that said incorporation is complete and that said incorporation shall be and hereby is denominated an incorporated town by and under the name of the Town of Naturita,"

The court then directed the giving of notice—as provided by statute — of the incorporation of said town.

On the 6th of December, 1951, the objectors filed in said county court their "Motion to Set Aside the Order Decreeing Incorporation Complete and To Grant Petitioners Leave to File Objections," therein setting forth and alleging various reasons why the incorporation of said town was irregular and improper. On December 15, 1951, answer was filed to said objection by and on behalf of the Town of Naturita, board of trustees thereof, and the original petitioners for incorporation, and notice prompt-

ly given to counsel representing the objectors that thc matter would be called up for hearing before the county court on the 19th of December, 1951. On said 19th day of December the court entered an order directing that the cause be continued until the 11th day of September, 1952. On September 11, 1952, following presentation of argument by respective counsel, the court took said matter under advisement and on the following day entered a further order, under stipulation of counsel, whereby the judge of said court disqualified himself from determining said issue, and agreed to call the Honorable Adair J. Hotchkiss, judge of the county court of Mesa county, to hear said matter between the 5th and 15th days of November, 1952. On the 20th day of November, 1952, Judge Hotchkiss, sitting in the county court of Montrose county, heard the matter, whereupon he entered an order denying said motion, stating as one reason for so doing that it had not been filed within six months following the 4th day of May, 1951, being the date on which the court had entered its decree declaring said incorporation complete.

The record was filed in this court on April 15, 1953. In the motion to dismiss the writ of error, counsel presents two grounds: (1) That the writ was not issued within one year following the 4th day of May, 1951, being the date of the final judgment of the county court declaring the incorporation of the Town of Naturita complete; (2) that the motion of objectors to set aside said judgment was not filed within six months following May 4, 1951, and that the order denying said motion is not a final judgment to which a writ of error will lie.

Objectors allege in their motion, that on or about March 1, 1951, they "sought to file herein objections to said petition seeking incorporation of said town, and that this court, relying on the Supreme Court decisions * * * was of the opinion that its duties under the applicable statutes were merely ministerial and that it could

not entertain the objections which said objectors sought to file." There is in the record, however, no document marked as a tendered pleading, and the court entered no formal order refusing the objectors the right to file, or at least to present for filing, their protests or objections. It is admitted that said county court did, on the 4th day of May, 1951, enter its formal order decreeing the incorporation of said town complete.

By the Act of 1921 (chapter 235, S. L.·'21, page 774), now cited as section 4, chapter 163, '35 C.S.A., it is provided that: "If it shall appear to the court that the petition for incorporation was substantially conformable to law and that said election was substantially regular and fair and a majority of the ballots cast at such election was in favor of incorporation, the court shall by order adjudge said incorporation to be complete, * * * ."

In the case of *Enos v. District Court*, 124 Colo. 335, 347, 238 P. (2d) 861, speaking of this statute, we said: "Under the 1921 amendment, when it appeared to the county judge that the petition for incorporation was substantially conformable to law and that said election was substantially regular and fair, and a majority of the ballots cast at such election was in favor of incorporation, it was mandatory upon the judge to order and adjudge that the incorporation be complete. In the case before us, the county judge made such finding and judicially decreed the incorporation to be complete." The foregoing quotation from the Enos case is equally applicable here.

■ It being clear from the summary of the record, as above detailed, that the motion presented on behalf of the objectors was filed in the original action as an attack upon the judgment of the county court entered on May 4, 1951; that the order of November 20, 1952, denying said motion, is not a final judgment, and that the only final judgment in the case is that of May 4, 1951, it follows that said motion was not filed within the time required by the Rules of Civil Procedure, nor was the

writ of error issued within one year following entry of final judgment.

The writ of error therefore is dismissed.