## No. 17,774.

WILLIAM J. SALTER, ET AL. *v.* BOARD OF COUNTY
COMMISSIONERS OF JEFFERSON COUNTY.

(292 P. [2d] 345)

Decided January 23, 1956.   Rehearing denied February 6, 1956.

Mr. CHARLES S. VIGIL, for plaintiffs in error.

Mr. WM. HEDGES ROBINSON, JR., for defendant in error.

*En Banc.*

Mr. Justice Knauss delivered the opinion of the Court.

On May 19, 1947 the Board of County Commissioners, hereinafter referred to as the County, filed an ejectment action in the District Court of Jefferson County, Colorado against Salter, who had entered into possession of County land under a lease and option dated July 19, 1943. Judgment and decree in this action was entered December 21, 1953 in favor of the County, and Salter sued out a writ of error. On November 29, 1954 this court affirmed the judgment. *Salter v. Board of County Commissioners*, 130 Colo. 504, 277 P. (2d) 232. On January 16, 1955 Salter paid the judgment against him for the use and occupancy of the land and the property was surrendered to the County.

On May 20, 1955 Salter filed in the trial court his "Motion to Dismiss and Vacate Judgment" which motion was denied on June 13, 1955. Salter seeks a review of this ruling by writ of error.

In sum, Salter by this motion claimed that the form of the former action was improper. His counsel in the instant proceeding did not appear for him in the former litigation which culminated on November 29, 1954, in affirmance by this court of the judgment of the district court.

Can a judgment debtor who has voluntarily paid the judgment and complied with its provisions come into the trial court five months after the judgment has been satisfied and nineteen months after the entry of the final judgment and have the judgment vacated? The answer to this question is obviously no. Such defendant has no standing in court.

When a defendant voluntarily pays a judgment he is barred from questioning any technicalities, either of pleading or form, incident to the entry of the judgment. A motion to vacate judgment "must be filed within a reasonable time," Rule 60 (b) R.C.P. Colo. We held

in *Fiant v. Town of Naturita,* 127 Colo. 571, 259 P. (2d) 278, that a motion filed seven months after entry of judgment was filed too late.

*Bull v. Doss Bros. Elec. Construction Co.,* 51 Colo. 459, 119 Pac. 156, was a case where plaintiff recovered a judgment and filed a transcript thereof as a lien. Defendant paid the judgment in order that he might deal with his real property. He sought a writ of error. It was there held that payment of the judgment left nothing for the court to determine, hence the appellate proceedings were dismissed. The court will not give its opinion on moot questions or abstract propositions. *Knowles v. Harrington,* 45 Colo. 346, 101 Pac. 403; *Lehrman Mercantile Co. v. Ireland,* 93 Colo. 209, 24 P. (2d) 750; *Hawthorn v. Hendrie & Bolthoff Mfg. & Supply Co.,* 50 Colo. 342, 116 Pac. 122.

The ruling on the motion to "dismiss and vacate" was not a final judgment from which a writ of error will lie. *Fiant v. Town of Naturita, supra.*

The matters involved in this litigation have long since been determined; Salter has satisfied the judgment entered against him, and his belated effort to reopen the case is unavailing. There must be an end to litigation, and after a judgment has been satisfied the judgment debtor is in no position to challenge it, or to experiment with additional legal theories advanced by new counsel employed by him. Cases cannot be submitted piecemeal. All issues on which a party to litigation may rely must be submitted in the original cause and the trial court given an opportunity to rule thereon. Failing to raise such matters in the trial of a cause, the litigant must be deemed to have waived them.

The writ of error is dismissed.

MR. JUSTICE HOLLAND and MR. JUSTICE MOORE not participating.