The summaries of the Colorado Court of Appeals published opinions
constitute no part of the opinion of the division but have been prepared by
the division for the convenience of the reader.  The summaries may not be
cited or relied upon as they are not the official language of the division.
Any discrepancy between the language in the summary and in the opinion
should be resolved in favor of the language in the opinion.

SUMMARY
August 9, 2018

## 2018COA117

**No. 17CA1211 Marriage of Tibbetts — Family Law — Uniform Dissolution of Marriage Act — Parenting Time**

A division of the court of appeals considers whether parenting time issues under the Uniform Dissolution of Marriage Act (UDMA) are mooted when a child turns eighteen.  The division distinguishes *In re Marriage of Hartley*, 886 P.2d 665, 669 & n.4 (Colo. 1994), where the Colorado Supreme Court stated that "[a] court retains jurisdiction over child custody issues under the UDMA until the child reaches the age of emancipation," which the court noted was "normally 21 years of age."  Because the child has turned eighteen, the division dismisses the appeal as moot.

COLORADO COURT OF APPEALS                              **2018COA117**

---

Court of Appeals No. 17CA1211
Mesa County District Court No. 11DR278
Honorable Brian J. Flynn, Judge

---

In re the Marriage of

Sharon D. Tibbetts, n/k/a Sharon D. Williams,

Appellee,

and

Ronald L. Tibbetts,

Appellant.

---

APPEAL DISMISSED

Division III
Opinion by JUDGE FOX
Webb and Nieto*, JJ., concur

Announced August 9, 2018

---

Kay Snider, Grand Junction, Colorado, for Appellee

Catherine Burkey, Grand Junction, Colorado, for Appellant

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2017.

¶ 1    This post-dissolution of marriage appeal involving parenting time for the child of Ronald L. Tibbetts (father) and Sharon D. Tibbetts, now known as Sharon D. Williams (mother), raises this question: Is an appeal of a parenting time order mooted when the child who is the subject of the order turns eighteen while the appeal is pending?  Answering this question "yes," we dismiss the appeal.

## I.  Background

¶ 2    The parties married in 1998 and have one child, who was born on November 14, 1999.  When the marriage ended in 2011, the court adopted their stipulated parenting time plan and incorporated it into the decree.  The parenting plan was modified in 2014, again by the parties' stipulation, which the district court adopted.

¶ 3    In 2016, father requested that the parenting plan be terminated and that the child, who was then sixteen years old, be free to determine her own parenting time schedule.  Mother responded that lack of a parenting plan would not be in the child's best interests.  After a hearing, a district court magistrate denied father's motion to terminate the parenting plan.  The magistrate found that the existing plan was working despite the child's "avowed dislike of it" and that the then seventeen-year-old child was

1

"not yet an adult, and not yet ready to go without a parenting plan altogether."

¶ 4       On father's petition to the district court for review of the magistrate's order, the court adopted the order. Father then appealed to this court, raising the following issues: (1) whether the magistrate erred in finding that a court cannot delegate parenting time decisions to both parents; (2) whether the magistrate erred by applying the endangerment standard in addressing father's motion to terminate the parenting plan; (3) assuming the endangerment standard applied, whether evidence showed endangerment; (4) whether evidence showed that father had alienated the child from mother; and (5) whether the parenting time plan ordered by the magistrate is in the child's best interests.

## II. Mother's Motion to Dismiss the Appeal

¶ 5       Father filed his opening brief on November 13, 2017, the day before the child turned eighteen. Mother then moved to dismiss the appeal, contending that because the child is now an adult, the parenting time issues father raises on appeal cannot be resolved as to her. Father responded that mother could still move for contempt based on the parenting time order and that the issue whether the

magistrate erred in ruling that parenting time decisions could not be delegated to both parents was not moot. A motions division deferred the motion to dismiss to the division deciding the merits and instructed the parties to further address mootness in their briefs.

¶ 6    Based on the motion, the response, and the additional arguments in the briefs, we dismiss the appeal as moot.

## A. Legal Standards

¶ 7    An appellate court will not render an opinion when the issues presented have become moot because of subsequent events. *In re Marriage of Dauwe*, 148 P.3d 282, 284 (Colo. App. 2006); *see Colo. Mining Ass'n v. Urbina*, 2013 COA 155, ¶ 33 ("The power of judicial review simply does not extend to moot questions."); *Giuliani v. Jefferson Cty. Bd. of Cty. Comm'rs*, 2012 COA 190, ¶ 15 ("Where a claim is moot on appeal, we decline to address its merits, and instead dismiss the claim.").

¶ 8    "An issue is moot when a judgment, if rendered, would have no practical legal effect on the existing controversy." *Dauwe*, 148 P.3d at 284 (issue whether trial court erred by not terminating special advocate's appointment was mooted when advocate

withdrew from case); *see In re Marriage of Salby*, 126 P.3d 291, 301 (Colo. App. 2005) (challenge to parenting time order was mooted by later modifying order).

### B. A Judgment Concerning a Parenting Time Order Can Have No Practical Legal Effect After a Child Turns Eighteen

¶ 9 Under the Uniform Dissolution of Marriage Act (UDMA), as adopted in Colorado, a court entering a decree of dissolution is charged with allocating parental responsibilities "with respect to any *child* of the marriage." § 14-10-106(1)(b), C.R.S. 2017 (emphasis added); *see also* § 14-10-124(1.5)(a), C.R.S. 2017 (providing that the court shall make provisions for parenting time that it finds are in a "child's" best interests). In the modification context, the court may modify parenting time rights whenever doing so "would serve the best interests of the *child.*" § 14-10-129(1)(a)(I), C.R.S. 2017 (emphasis added). However, "child" is not defined in the UDMA. *See* § 14-10-103, C.R.S. 2017; § 14-10-124(1.3).

¶ 10 Still, as mother points out, the term is defined in the Uniform Child-Custody Jurisdiction and Enforcement Act (UCCJEA) as "an individual who has not attained eighteen years of age." § 14-13-102(2), C.R.S. 2017. The UCCJEA's purposes are to provide a

4

framework for determining whether Colorado or another state has jurisdiction to determine initial parental responsibilities for a child or to modify existing orders, and to facilitate enforcement of such orders across state lines.  *See* Title 14, art. 13, UCCJEA Prefatory Note.  It does not make sense to define "child" differently for purposes of Colorado's UDMA statutes than the term is defined under the UCCJEA.

¶ 11     Additionally, the statute creating the Office of the Child's Representative, referenced in section 14-10-116(2), C.R.S. 2017, defines "child" as "a person under eighteen years of age."  § 13-91-103(1), C.R.S. 2017.  "Child" is similarly defined in other statutes.  *See* § 13-22-107(2)(a), C.R.S. 2017 (waiver of negligence claim by a parent for a child); § 14-13.5-102(2), C.R.S. 2017 (Uniform Child Abduction Prevention Act); § 18-6-403(2)(a), C.R.S. 2017 (sexual exploitation of a child); § 18-7-401(2), C.R.S. 2017 (child prostitution); § 19-1-103(8)(a), (18), C.R.S. 2017 (children's code provisions defining "adult" as a person eighteen years of age or older and "child" as a person under eighteen); § 25-4-901(1.5), C.R.S. 2017 (school entry immunization).

¶ 12     The age of competence statute, section 13-22-101(1), C.R.S.

2017, provides as follows:

> [E]very person, otherwise competent, shall be deemed to be of full age at the age of eighteen years or older for the following specific purposes:
>
> (a) To enter into any legal contractual obligation and be legally bound thereby to the full extent as any other adult person . . . ;
>
> (b) To manage his estate in the same manner as any other adult person. . . . ;
>
> (c) To sue and be sued in any action to the full extent as any other adult person in any courts of this state, without the necessity for a guardian ad litem or someone acting in his behalf;
>
> (d) To make decisions in regard to his own body . . . to the full extent allowed to any other adult person.

Thus, once the parties' child turned eighteen, she attained the right to make her own decisions, including whether to visit her parents, rendering the issues father raises on appeal moot. *See Wells v. Barile*, 358 P.3d 583, 588 (Alaska 2015) (holding, based on Alaska's similar competency statute, that challenge to custody order would be moot if not for child support issues also raised because child had turned eighteen pending appeal).

¶ 13     Father's concern over possible contempt does not survive scrutiny. Because the parties' child is over eighteen and not a party

to their dissolution case, the parenting time order that father challenges on appeal cannot be enforced as to her.  *See* § 13-22-101(1); *see also* § 18-3-304(2), C.R.S. 2017 (Any person who violates a district court order granting parental responsibilities "with respect to a child under the age of eighteen years" commits a class 5 felony.).  Nor could the order be enforced against the parties because neither parent can force an eighteen-year-old to comply with the dissolution court's parenting time provisions.  *See People v. Lockhart*, 699 P.2d 1332, 1336 (Colo. 1985) (party may not be held in contempt for refusing to do that which he is unable to do); *cf. In re Marriage of Jensen*, 7 Cal. Rptr. 3d 701, 706 (Cal. Ct. App. 2003) ("[T]he court may neither order a party to a dissolution action to assert control over an adult child, nor hold the party responsible for any reluctance or refusal of an adult child to visit . . . with the other party.").

¶ 14    Father correctly points out that a child is not emancipated under the UDMA for child support purposes until age nineteen.  *See* § 14-10-115(13)(a), C.R.S. 2017.  But a child support order acts on the parents; it does not require the eighteen-year-old's consent and cooperation as a parenting time order necessarily does.  Hence,

continuing child support until a child reaches age nineteen does not mean that parenting time orders can also be enforced until then. *Cf. Weaver v. Giffels*, 895 N.W.2d 555, 562 (Mich. Ct. App. 2016) (finding eighteen-year-old child was no longer subject to custody orders, but was still a "child" for purposes of the child support orders).

¶ 15     In arguing that parenting time issues are not moot until the child emancipates, father understandably relies on the Colorado Supreme Court's statement in *In re Marriage of Hartley*, 886 P.2d 665, 669 & n.4 (Colo. 1994), that "[a] court retains jurisdiction over child custody issues under the UDMA until the child reaches the age of emancipation," which the court noted was "normally 21 years of age." We conclude that *Hartley* is materially distinguishable, and that this statement does not apply to the circumstances presented here.

¶ 16     The issue in *Hartley* was whether a child could hire his own attorney to represent him in his parents' dissolution case because he was unhappy with the guardian ad litem (GAL) appointed to represent his interests. *Id.* at 667-68. The court of appeals held that the issue was moot because the trial court ultimately awarded

custody to the child's father with no visitation for his mother, which was the result the child sought. *Id.* at 668. The supreme court disagreed that the case was moot, but also determined that the child's representation by a GAL was adequate and satisfied all constitutional requirements. *Id.* at 668-69.

¶ 17 The court reasoned that the case was not moot because the child, who was twelve when the litigation began in district court and seventeen when the supreme court's decision was announced, was "still a minor subject to the jurisdiction of the trial court in matters of custody, support and parenting time." *Id.* at 669. The court then said, "[a] court retains jurisdiction over child custody issues under the UDMA until the child reaches the age of emancipation," which the court noted was "normally 21 years of age." *Id.* at 669 & n.4.

¶ 18 The court relied on cases holding that child support may be ordered until a child emancipates. *See Hartley*, 886 P.2d at 669 & n.4; *see also In re Marriage of Huff*, 834 P.2d 244, 249-51 (Colo. 1992) (applying previous version of child support statute and upholding district court order that parent must pay child's final year college expenses when support order was entered before child turned twenty-one); *In re Marriage of Plummer*, 735 P.2d 165, 166

(Colo. 1987) (presumption of emancipation for child support purposes arises at age twenty-one); *Koltay v. Koltay*, 667 P.2d 1374, 1376 (Colo. 1983) (same). The supreme court also relied generally on the district court's continuing jurisdiction to enforce its orders in a dissolution of marriage case, citing *Gonzales v. District Court*, 629 P.2d 1074, 1076 (Colo. 1981), which again arose in the child support context and did not involve the enforcement of parental responsibilities orders. *See Hartley*, 886 P.2d at 669; *Gonzales*, 629 P.2d at 1075-76.

¶ 19    And the court cited section 2-4-401, C.R.S. 2017, as establishing twenty-one as the age of emancipation. *Hartley*, 886 P.2d at 669 n.4. This general definitional statute, applying "unless the context otherwise requires," defines a "minor" as "any person who has not attained the age of twenty-one years." § 2-4-401(6). It further provides that "[n]o construction of this subsection (6) shall supersede the express language of any statute." *Id.* Hence, while a person over eighteen but not yet twenty-one may be a "minor," that person still possesses all of the rights specified in the age of competence statute, including the right to make his or her own decisions. *See* § 13-22-101(1)(d); *cf. People in Interest of L.A.C.*, 97

P.3d 363, 366 (Colo. App. 2004) (holding that section 2-4-401's definition of "minor" as a person under twenty-one did not require GAL appointment for eighteen-year-old mother in termination of parental rights case because definition was inconsistent with section 13-22-101(1)(c) provision that person over eighteen can sue and be sued).

¶ 20    The child in *Hartley* was under the age of eighteen throughout the entire case.  *See* 886 P.2d at 669.  Thus, the court's statement, on which father relies, is dicta concerning a court's continuing jurisdiction over parental responsibilities after a child turns eighteen.  Neither *Hartley* nor any of the cases on which it relies for this point involve the enforcement of parenting time orders for a child who is over eighteen.  For these reasons, *Hartley* does not compel a different result here.

¶ 21    In sum, we conclude that the parenting time issues father raises on appeal are moot because the parties' eighteen-year-old child is no longer subject to the dissolution court's jurisdiction to allocate parenting time and the court's existing parenting time order that father challenges is no longer enforceable as to her.

## C. The Exception to the Mootness Doctrine for Issues Likely to Recur Yet Evade Review Does Not Apply

¶ 22    Father argues that we should address at least one of his issues — that the court erred in finding that it could not delegate parenting time decisions to both parents — because it is capable of repetition yet evades review. We disagree.

¶ 23    An exception to the rule that an appellate court will not decide a moot issue is that a court may review such an issue if it is capable of repetition, yet evades review. *See People in Interest of C.G.*, 2015 COA 106, ¶¶ 37-41 (issue concerning agency's failure to use due diligence to identify, locate, and personally serve unknown father in termination of parental rights case was capable of repetition and could evade review because future parents also served only by publication might never learn of action to be able to raise issue); *In re Marriage of Slowinski*, 199 P.3d 48, 51 (Colo. App. 2008) (electing to review moot issue involving emergency restriction of parenting time because of statute's very short time period for resolving issue).

¶ 24    Father's argument that this exception applies to the issue of whether a court has the discretion to delegate parenting time

decisions to both parents is unpersuasive. The issue obviously cannot recur as to these parents because their child is now an adult and free to decide whether and when to visit her parents.

¶ 25 And to the extent the issue may arise for other parents, a division of this court previously recognized that a general parenting time order that leaves the specific parameters of a parent's time to the parents to work out together might comply with the statute in a case where the evidence indicates that the parents are willing and able to cooperate on parenting time. *See In re Marriage of Plummer*, 709 P.2d 1388, 1390-91 (Colo. App. 1985). However, if the parents are not able to cooperate, such an order constitutes an abuse of discretion. *Id.*; *see also S.F.E. in Interest of T.I.E.*, 981 P.2d 642, 645-46 (Colo. App. 1998).

¶ 26 Although the issue has been addressed previously and may indeed recur again, father has provided no reason, nor do we perceive any, why it would evade review. *See Campbell v. Meyer*, 883 P.2d 617, 618-19 (Colo. App. 1994) (refusing to address ballot title issue as moot after voters defeated the measure, noting that future similarly situated plaintiffs could obtain review of the issue). Thus, we decline to address it.

### III.  Appellate Attorney Fees

¶ 27    We deny mother's request for appellate attorney fees. Although father's arguments against mootness were unsuccessful, they are not frivolous such that sanctions are appropriate under C.A.R. 38(b).  *See City of Aurora ex rel. Util. Enter. v. Colo. State Eng'r,* 105 P.3d 595, 621 (Colo. 2005) (reversing attorney fees award when party's argument was "a good faith attempt to extend existing law"); *Mission Denver Co. v. Pierson,* 674 P.2d 363, 365 (Colo. 1984) ("Standards for determining whether an appeal is frivolous should be directed toward penalizing egregious conduct without deterring a lawyer from vigorously asserting his client's rights.").

### IV.  Conclusion

¶ 28    The appeal is dismissed.

JUDGE WEBB and JUDGE NIETO concur.

14