24CA1811 Marriage of Logan 12-11-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA1811
Boulder County District Court No. 18DR525
Honorable Andrew Hartman, Judge

In re the Marriage of

Jamie Priscilla Logan,

Appellant,

and

Barclay Lloyd Logan,

Appellee.

APPEAL DISMISSED IN PART
AND ORDERS AFFIRMED

Division I
Opinion by JUDGE KUHN
J. Jones and Moultrie, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced December 11, 2025

Jamie Priscilla Logan, Pro Se

The Burnham Law Firm, P.C., David W. Feeder II, L. Patrick Watkins,
Centennial, Colorado, for Appellee

¶ 1     Jamie Priscilla Logan (mother) appeals the district court's orders adopting the magistrate's post-decree orders as to parenting time for her two children with Barclay Lloyd Logan (father). We dismiss mother's appeal in part and otherwise affirm.

## I.     Background

¶ 2     The parties divorced in 2020 after ten years of marriage. The court entered permanent orders splitting parenting time for the two children between the parents. On July 24, 2023, the district court adopted the parties' temporary parenting time stipulation, which permitted "the minor children [to] temporarily relocate to Massachusetts with [m]other." The stipulation also stated that "the parties agree to revisit parenting time and child support no later than April, 2024 . . . . If the parties are unable to agree where the children should reside for the 2024-2025 school year, an evidentiary hearing shall be scheduled with the court to address the same."

¶ 3     In June 2024, father filed a motion requesting an in camera interview of the parties' oldest child "to determine whether [he] wish[ed] to return to Colorado" or remain in Massachusetts for the 2024-2025 school year. As grounds, father alleged that the parties

1

could not agree, pursuant to their July 2023 stipulation, whether the children should attend school in Colorado, where father lived, or Massachusetts, where mother lived.

¶ 4     A district court magistrate denied father's request for an in camera interview and instead appointed a child's legal representative to represent the best interests of the children as to "[w]here the children will live during the 2024-2025 school year [and] whether the children should continue to reside with [m]other in Massachusetts or return to Colorado and reside with [f]ather." The magistrate set an evidentiary hearing for July 29, 2024, to address the issue.

¶ 5     On July 10, father filed a motion for a forthwith status conference, alleging that mother had refused to return the children to Colorado for his summer parenting time.  On that same day, the magistrate granted father's request and ordered mother to return the children to Colorado immediately.  The magistrate warned, "If [m]other refuses to return the children within 24 hours, the Court will Issue a Warrant to Take Physical Custody of the Children."

¶ 6     Two days later, father filed a status report representing that mother had yet to return the children to Colorado.  Father

accordingly asked the magistrate to issue a warrant to take physical custody of the children under section 14-13-311, C.R.S. 2025. The magistrate set a virtual hearing for July 15 to hear evidence on father's request. However, father's counsel filed a notice stating that she was unavailable on that date, and the hearing was reset for July 16.

¶ 7 Despite receiving actual notice of the rescheduled hearing, mother did not appear. The same day, the magistrate entered an order finding that the issuance of a warrant under section 14-13-311 was appropriate and issued a corresponding warrant to take physical custody of the children. On July 18, mother petitioned for district court review of the magistrate's July 16 order. The district court denied mother's petition on August 1, effectively adopting the magistrate's order.

¶ 8 At the July 16 hearing, the court set the matter for a review hearing on July 29. Mother moved to appear at that hearing via Webex. After the magistrate denied that motion, mother failed to appear at the July 29 hearing, resulting in a July 29, 2024, order restricting her parenting time to supervised visits and again requiring her to return the children. The magistrate also ordered

that the children were to attend school in Colorado for the 2024-2025 school year and set "an *in-person* review hearing" for August 9.

¶ 9    Mother again failed to appear at the review hearing following a second unsuccessful motion to appear via Webex. In a corresponding August 9, 2024, order, the magistrate found that the children had been returned to father as of August 7. She then issued guidelines concerning mother's communication with the children. Given the return of the children to Colorado, the magistrate quashed the July 16, 2024, warrant to take physical custody of the children.

¶ 10    Mother then petitioned for district court review of the magistrate's orders arising from the July 29 and August 9 hearings. The district court denied both of mother's petitions for review, effectively adopting the magistrate's orders.

## II.    Analysis

¶ 11    Mother contends that the trial court erred by (1) failing to provide her with notice of an evidentiary hearing, resulting in a violation of her right due process rights; and (2) failing to properly apply the legal standards for virtual appearances and absentee

testimony.  Mother also filed a pro se reply brief in this case raising five additional issues, asserting that the court (3) improperly issued orders, determined its own authority, and violated various statutory requirements.[1]  We address mother's contentions in turn.

## A.     Mother's Notice Challenge

¶ 12     Mother contends that the magistrate's July 16, 2024, order must be reversed because she was not provided with adequate notice of the rescheduled hearing.  Consequently, mother asserts, the district court violated her right to due process.  But we conclude that we must dismiss mother's challenge to the order and warrant resulting from the rescheduled hearing because the issue is moot.

## 1.     Applicable Law

¶ 13     We "will not render an opinion when the issues presented have become moot because of subsequent events."  *In re Marriage of Tibbetts*, 2018 COA 117, ¶ 7.  "An issue is moot when a judgment, if rendered, would have no practical legal effect on the existing

---

[1] Mother filed a "Motion to Supplement the Record Under C.A.R. 10(e)" after briefing in this case was already closed.  We determine that the materials identified in the motion would not be helpful in deciding the appeal, and so we deny the motion.

controversy." *Id.* at ¶ 8 (quoting *In re Marriage of Dauwe*, 148 P.3d 282, 284 (Colo. App. 2006)).

¶ 14 "An appellate court must always be satisfied that it has jurisdiction to hear an appeal." *Chavez v. Chavez*, 2020 COA 70, ¶ 22. And mootness is an issue of subject matter jurisdiction. *Fullerton v. Cnty. Ct.*, 124 P.3d 866, 867 (Colo. App. 2005). "We must determine independently our jurisdiction over an appeal, nostra sponte if necessary." *Allison v. Engel*, 2017 COA 43, ¶ 22, *overruled on other grounds by*, *Wolf v. Brenneman*, 2024 CO 31. Thus, when we determine "a claim is moot on appeal, we decline to address its merits, and [we will] instead dismiss the claim." *Giuliani v. Jefferson Cnty. Bd. of Cnty. Comm'rs*, 2012 COA 190, ¶ 15.

2. Mother's Challenge to the Order and Warrant From the July 16, 2024, Hearing Must Be Dismissed as Moot

¶ 15 Here, following the July 16, 2024, hearing, the magistrate first issued a written order finding that a warrant directing law enforcement to take physical custody of the children was appropriate. The magistrate then issued a corresponding warrant under section 14-13-311. However, after the August 9 review hearing, the magistrate found that the children had been returned

6

to father as of August 7.  Accordingly, on August 12, 2024, the magistrate quashed the July 16 warrant to take physical custody of the children.

¶ 16    Because the warrant for the return of the children resulting from the July 16 hearing was quashed, mother's challenge to the adequacy of the notice that she received for that hearing is moot. Our resolution of her contentions would have "no practical legal effect" on the case.  *See Tibbetts*, ¶¶ 7-8, 21, 28; *see also Giuliani*, ¶ 15; *Allison*, ¶ 22.

¶ 17    Accordingly, we dismiss as moot the portion of mother's appeal contesting the adequacy of the notice that she received for the July 16, 2024, hearing.

### B.    Mother's Motions to Appear via Webex at the July 29 and August 9 Hearings

¶ 18    Mother next contends that the magistrate abused her discretion by denying mother's motions to appear remotely at the July 29 and August 9 hearings.  Mother argues that the magistrate erred because (1) mother articulated good cause for appearing virtually and (2) the magistrate failed to properly apply the factors in C.R.C.P. 43(i) to her motion.  We disagree.

### 1. Applicable Law and Standard of Review

¶ 19 Under Rule 43(i)(1), a party may file a written motion "request[ing] that testimony be presented . . . by a person absent from the courtroom by means of telephone or some other suitable and equivalent medium of communication." Motions for absentee testimony must include (1) the reasons for the request; (2) a detailed description of all testimony proposed to be given; and (3) copies of all documents that will be referenced during the testimony. *Id.* The court shall then "determine whether in the interest of justice absentee testimony may be allowed," weighing certain nonexhaustive statutory factors. C.R.C.P. 43(i)(3).

¶ 20 We review a district court's decision concerning absentee testimony under Rule 43(i) for an abuse of discretion. *People in Interest of M.W.*, 2022 COA 72, ¶ 12. An abuse of discretion occurs when the court acts in a manifestly arbitrary, unfair, or unreasonable manner, or when it misapplies the law. *In re Marriage of Herold*, 2021 COA 16, ¶ 5.

### 2. The Magistrate Did Not Abuse Her Discretion

¶ 21 One business day before the July 29 hearing, mother moved to appear via Webex at that hearing. As the sole basis for her request,

8

mother asserted that she was unable to attend the hearing in person because she resides in Massachusetts. The magistrate denied mother's motion, reasoning that she had failed to confer with father, had failed to articulate good cause to appear virtually, and had otherwise provided "no explanation for the delayed nature of her request."

¶ 22    We perceive no abuse of the magistrate's discretion in denying this request. Rule 43(i)(1) provides that a request for absentee testimony must be filed "as soon as practicable after the need for absentee testimony becomes known." Here, despite being notified of the July 29 hearing on July 3, mother provided no explanation as to why she waited until only one business day before the hearing to request a Webex appearance. Moreover, mother's motion as to that hearing failed to comply with Rule 43(i)(1)(A) because she did not articulate with any specificity why she was unable to travel to Colorado to attend. We are thus satisfied that the magistrate complied with Rule 41(i)(1) when denying mother's request for a Webex appearance at the July 29 hearing.

¶ 23    Mother later moved to appear via Webex for the August 9 review hearing, citing indigency, an alleged disability, and the

inability to travel. The magistrate also denied that request, reasoning that mother had continued to refuse to return the children to Colorado, in direct violation of multiple court orders, and she had an outstanding warrant in a separate criminal case that necessitated her in-person appearance.

¶ 24 We again perceive no abuse of discretion in the magistrate's denial of mother's request to appear remotely at the August 9 review hearing. Rule 43(i)(3) directs the court to assess whether absentee testimony is in the "interest of justice," and accordingly, the magistrate did not abuse her discretion by denying mother's request to appear remotely given that mother continued to keep the children in Massachusetts in defiance of the magistrate's orders and had an outstanding arrest warrant.[2]

### C. Mother's Other Contentions

¶ 25 Mother raises numerous additional contentions for the first time in her reply brief, including that

---

[2] To the extent mother argues that the court erred by failing to specifically address the individual C.R.C.P. 43(i)(3) factors, we note that a factor-by-factor analysis is not required. The court has broad discretion to determine whether absentee testimony should be allowed based on those factors or other factors not listed in the rule. *See People in Interest of M.W.*, 2022 COA 72, ¶ 17.

- the magistrate was without statutory authority to issue certain orders;

- the magistrate misinterpreted the parties' stipulation and the existing parenting time orders;

- the magistrate's orders failed to comply with sections 14-13-308 and 14-13-311, C.R.S. 2025;

- certain rulings violated mother's rights under the Americans with Disabilities Act; and

- the magistrate erred by denying a motion to transfer the proceedings to Massachusetts state court.

But "[w]e do not consider arguments raised for the first time in a reply brief," *In Interest of L.B.*, 2017 COA 5, ¶ 48, and thus we decline to consider mother's additional contentions of error.[3]

### III. Disposition

¶ 26 The portion of mother's appeal challenging the order arising from the July 16, 2024, hearing is dismissed. The district court's

---

[3] Mother filed three notices of supplemental authority after briefing closed in this case describing "recent events." Because those events are not germane to the orders on appeal, and because the notices do not provide information that is helpful in deciding the issues on appeal, we disregard them.

11

August 27, 2024, orders, effectively adopting the magistrate's July 29 and August 9, 2024, orders, are affirmed.

JUDGE J. JONES and JUDGE MOULTRIE concur.