**The PEOPLE of the State of Colorado, Petitioner–Appellee,**

**In the Interest of A.C., III, a Child, and Concerning T.C., Respondent–Appellant.**

**No. 07CA0617.**

Colorado Court of Appeals, Div. II.

Sept. 20, 2007.

George N. Monsson, County Attorney, David W. Bute, Assistant County Attorney, Fort Morgan, Colorado, for Petitioner–Appellee.

Janis A. Stih, Guardian Ad Litem.

Michael O. Kelley, Fort Morgan, Colorado, for Respondent–Appellant.

Opinion by Judge ROMÁN.

T.C. (mother) appeals the court's summary judgment adjudicating her son, A.C., III, to be dependent and neglected. We affirm.

## I.

■ Relying on C.R.C.P. 56(c), mother asserts the court erred by allowing the Morgan County Department of Human Services (the department) to file a motion for summary judgment only twenty-one days before the adjudicatory hearing. We are unpersuaded.

C.R.C.P. 56(c) (as amended effective June 28, 2007) provides that, unless otherwise ordered by the court, any motion for summary judgment shall be filed no later than eighty-five days prior to trial. However, section 19–3–505(3), C.R.S.2006, requires adjudicatory hearings to be held no later than sixty days after service of the petition for children under six, such as A.C. A social services department wishing to file a motion for summary judgment cannot comply with both the statute and the rule.

When there is a conflict between a statute and a rule of civil procedure, the rules "do not govern procedure and practice in any special statutory proceeding insofar as they are inconsistent or in conflict with the procedure and practice provided by the applicable statute." C.R.C.P. 81(a). This case presents an unavoidable conflict between the adjudicatory statute and C.R.C.P. 56(c). Thus, under C.R.C.P. 81, the timing of section 19–3–505(3) controls, *see Hernandez v. Downing*, 154 P.3d 1068, 1071 (Colo.2007), and the court therefore properly allowed the department to file its summary judgment motion.

■ We can envision cases in which summary judgment will be inappropriate in a dependency and neglect proceeding, because the respondent parent was prejudiced by the timing of the filing of the motion. This, however, is not such a case. Mother neither alleged nor proved that she was prejudiced by the timing of the filing of the motion. Without such an allegation, any grant of summary judgment outside of the C.R.C.P. 56(c) timeframe is not a ground for reversal. *Cf. Union Ins. Co. v. Hottenstein*, 83 P.3d 1196, 1203 (Colo.App.2003).

## II.

Mother contends the trial court erred in granting summary judgment because a genuine issue of material fact existed as to whether A.C. was a failure to thrive child. Mother asserts that the child had regularly gained weight, that she was told the scale that showed a lower weight was not accurate, and that a doctor's progress note suggested a problem with the scale's accuracy. Mother additionally asserts there was insufficient evidence to support a finding under section 19–3–102, C.R.S.2006. We reject these contentions.

■ Summary judgment, although permissible in dependency and neglect proceedings, is a drastic remedy that is not warranted unless it is clearly shown that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. C.R.C.P. 56(c); *People in Interest of A.E.*, 914 P.2d 534, 537 (Colo.App.

1996); *People in Interest of C.C.G.*, 873 P.2d 41, 43 (Colo.App.1994).

In ruling on a motion for summary judgment, a trial court must consider "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any." C.R.C.P. 56(c); *Peterson v. Halsted*, 829 P.2d 373, 376 (Colo.1992).

■ The party seeking summary judgment must show there is no genuine issue of material fact, and all doubts must be resolved against that party. *People in Interest of C.C.G.*, 873 P.2d 41, 43 (Colo.App.1994). Once that burden has been met, the burden shifts to the opposing party to establish there is a genuine issue of fact. *Mancuso v. United Bank*, 818 P.2d 732, 736 (Colo.1991). A genuine issue of material fact cannot be established simply by allegations in pleadings or argument; rather, the opposing party must set forth specific facts by affidavit or otherwise showing that there is a genuine issue for trial. C.R.C.P. 56(e); *Brown v. Teitelbaum*, 830 P.2d 1081, 1084–85 (Colo. App.1991).

■ Here, the department's motion for summary judgment alleged A.C. should be adjudicated dependent and neglected under § 19–3–102, because (1) he had been diagnosed as a nonorganic failure to thrive child; (2) mother had not provided appropriate care or shelter for him; (3) mother's parental rights to another child were terminated because that child failed to thrive; and (4) mother fed water to both children in direct contradiction of medical advice. These allegations, if supported, provide a basis for entering an adjudicatory order under section 19–3–102.

The department's allegations were supported by the treating physician's affidavit, who asserted that she had diagnosed A.C. and mother's elder child with a nonorganic failure to thrive; that mother had not properly fed, cared for, or provided sustenance to either child; that they were severely malnourished and dehydrated because mother fed them water in direct contradiction of medical advice; that mother did not provide sufficient calories for the children to develop properly; and that mother was engaged in an identifiable pattern of habitual physical abuse, which posed a threat to A.C.

Thus, the department met its burden of showing there was no genuine issue of material fact as to whether the child was abused or neglected pursuant to sections 19–1–103(1)(a)(I), 19–3–102(1), and 19–3–505(7)(a), C.R.S.2006, and the burden shifted to mother to establish the existence of such an issue. *See Mancuso v. United Bank*, 818 P.2d at 736.

Mother did not offer an affidavit from another doctor stating the child was healthy, evidence that the scale was broken, or her own affidavit that she properly fed the child.

Mother offered several responses to the summary judgment motion; however, only one of those responses was supported by documentation, and that document was not properly authenticated. As such, mother introduced no evidence the court could rely on to find a material issue of triable fact. *See Brown v. Teitelbaum*, 830 P.2d at 1084–85.

Even if the document that mother attached had been authenticated, we conclude it did not create a triable issue of fact. The document stated, as relevant here: "wt 9# 15oz? error of scales as yest. was 7# 3oz on diff scale." However, this single line referring to the child's weight does not refute the affidavit from the treating physician, who examined the child and concluded that he was a failure to thrive child. Thus, the trial court properly granted summary judgment.

For the same reasons, we reject mother's argument that insufficient evidence supported the factual finding that A.C. had not been receiving proper parental care. *See People in Interest of C.A.K.*, 652 P.2d 603, 613 (Colo.1982).

The judgment is affirmed.

Judge ROTHENBERG and Judge CASEBOLT concur.