24CA0917 Marriage of Mustafa 11-27-2024

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA0917
Jefferson County District Court No. 23DR894
Honorable Diego G. Hunt, Judge

In re the Marriage of

Kamal Y. Mustafa,

Appellant,

and

Sumaya S. Badr,

Appellee.

JUDGMENT AFFIRMED

Division A
Opinion by JUDGE HAWTHORNE*
Tow, J., and Berger*, J., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced November 27, 2024

Kamal Y. Mustafa, Pro Se

No appearance for Appellee

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art.
VI, § 5(3), and § 24-51-1105, C.R.S. 2024.

¶ 1    In this dissolution of marriage case between Kamal Y. Mustafa (husband) and Sumaya S. Badr (wife), husband appeals the marital property division and maintenance portions of the permanent orders.  We affirm.

## I.    Background

¶ 2    In May 2024, the district court dissolved the parties' marriage of approximately thirty-five years.  In the permanent orders, the court divided the parties' property and awarded wife $750 per month in maintenance for an indefinite term.  The maintenance award was based on the court's finding that husband earned a combined $4,140 per month in wage and rental income, and wife's only income was $600 per month in social security benefits.

## II.    Discussion

¶ 3    As best as we can discern, husband claims that the district court erred by dividing the marital estate and erred by determining maintenance because wife had recently received a $100,000 inheritance and was receiving additional monthly income from family members and a catering business that she operated.

¶ 4    Our review of husband's claims is hampered by the lack of a complete record.  Specifically, we lack a transcript of the permanent

orders hearing.  As the appellant, it is husband's responsibility to designate the record and to ensure that all items designated are transmitted to the appellate court.  *In re Marriage of Tagen*, 62 P.3d 1092, 1096 (Colo. App. 2002).  An appellant "must include in the record transcripts of all proceedings necessary for considering and deciding the issues on appeal."  C.A.R. 10(d)(3).

¶ 5    "Arguments not presented at trial cannot be raised for the first time on appeal," *In re Marriage of Ensminger*, 209 P.3d 1163, 1167 (Colo. App. 2008), and without a transcript of the permanent orders hearing, we are unable to determine what testimony and evidence were presented to the district court supporting the marital property division and wife's request for maintenance.  So we are unable to review husband's claims of error, and we must presume that the missing record supports the district court's judgment.  *See In re Marriage of Dean*, 2017 COA 51, ¶ 15 (where appellant does not provide a sufficient record showing that the district court erred, an appellate court has no choice but to affirm the judgment); *People v. Wells*, 776 P.2d 386, 390 (Colo. 1989) (reviewing court cannot conclude that district court's judgment is erroneous when the record is insufficient).

¶ 6    Husband has attached additional documents to his opening brief to support his claims, but we cannot consider documents attached to briefs.  *See In re Marriage of Drexler*, 2013 COA 43, ¶ 24; *In re Marriage of McSoud,* 131 P.3d 1208, 1223 (Colo. App. 2006) ("Only facts appearing in the record can be reviewed.").

¶ 7    Finally, husband claims that he was not notified of a mediation that was scheduled before the permanent orders hearing. Mediation is a nonbinding dispute resolution method designed to assist the parties in reaching a voluntary settlement, *see* § 13-22-302(2.4), C.R.S. 2024.  But husband does not explain how he was prejudiced by the mediation not occurring, *see People in Interest of A.C.,* 170 P.3d 844, 845 (Colo. App. 2007) (a claimed error, without a valid claim of prejudice, is not grounds for reversal).

### III.    Disposition

¶ 8    The judgment is affirmed.

JUDGE TOW and JUDGE BERGER concur.