94 P.3d 1271 (2004)
Norman McCALL, Plaintiff-Appellant,
v.
Thomas R. MEYERS, Defendant-Appellee.
No. 01CA2422.
Colorado Court of Appeals, Div. I.
June 17, 2004.
*1272 Crosse Law Office, PC, Charles Crosse, Samuel Barfield, Denver, Colorado, for Plaintiff-Appellant.
White & Steele, PC, Stephen R. Higgins, Denver, Colorado, for Defendant-Appellee.
Opinion by Judge PICCONE.
In this personal injury action, plaintiff, Norman McCall, appeals the judgment entered on a jury verdict in favor of defendant, Thomas R. Meyers. We affirm.
McCall suffers from developmental and physical disabilities. As he attempted to walk across an intersection, Meyers' vehicle collided with him and McCall was injured. McCall brought this action against Meyers alleging negligence. Meyers asserted that McCall was comparatively negligent. The trial court entered judgment in favor of Meyers and subsequently awarded him costs.
In his brief on appeal, McCall stated, without any record support, that the jury found him sixty-five percent comparatively negligent.

I.
As an initial matter, we note that we are bound by the record presented and may consider only arguments and assertions supported by the evidence in the record. Fleet v. Zwick, 994 P.2d 480 (Colo.App.1999); In re Marriage of Tessmer, 903 P.2d 1194 (Colo.App.1995). A party cannot overcome a deficiency in the record by statements in the briefs. Laessig v. May D & F, 157 Colo. 260, 402 P.2d 183 (1965)(court looks solely to record when determining whether trial court acted properly and statements in brief are not a substitute for the certified record); Colo. Nat'l Bank-Boulder v. Zerobnick & Sander, P.C., 768 P.2d 1276 (Colo.App.1989).
Here, only a partial record, which included a supplemental record, was filed. The record did not include any verdict forms. Our review in this appeal is therefore limited by the record provided. See In re Marriage of Tagen, 62 P.3d 1092 (Colo.App.2002)(appellant bears responsibility to designate record on appeal, including any portions which are necessary for purposes of the appeal; facts not contained within the record cannot be reviewed).

II.
McCall contends the trial court erred in instructing the jury on comparative negligence. Specifically, he asserts § 42-4-808, C.R.S.2003, impliedly eliminates the defense of comparative negligence. We disagree.
The interpretation of a statute is a question of law. We therefore review the trial court's ruling de novo. Ryals v. St. Mary-Corwin Reg'l Med. Ctr., 10 P.3d 654 (Colo.2000).
When construing a statute, our primary task is to determine and give effect to the intent of the General Assembly. People v. Terry, 791 P.2d 374 (Colo.1990). To ascertain the legislative intent of a statute, we look first to the statutory language and give statutory terms their plain and ordinary meaning. Bertrand v. Bd. of County Comm'rs, 872 P.2d 223 (Colo.1994). When the statutory language is clear and unambiguous, we interpret the statute as written because the General Assembly is presumed *1273 to have meant what it plainly said. Bertrand, supra, 872 P.2d at 228.
Section 42-4-808 provides, in pertinent part:
(1) Any pedestrian, other than a person in a wheelchair, or any driver of a vehicle who approaches a person who has an obviously apparent disability of blindness, deafness, or mobility impairment shall immediately come to a full stop and take such precautions before proceeding as are necessary to avoid an accident or injury to said person.... Any person who violates any provision of this section commits a class A traffic offense.
McCall acknowledges the statute does not address comparative negligence. Nevertheless, he argues it creates "an absolute duty" on the part of motorists and in light of this absolute duty, the legislature could not have intended to allow comparative negligence to be asserted as a defense against a disabled plaintiff. Thus, he contends the statute impliedly abrogates the comparative negligence defense.
We find that the statutory language is clear and unambiguous. It requires drivers to yield the right of way to disabled pedestrians. See § 42-4-1701(4)(I)(I), C.R.S.2003. It directs the driver of a vehicle to come to a complete stop and to take necessary precautions to avoid an accident before proceeding. A violation of the statute is a traffic offense. See § 42-4-808(1). The statute, however, does not eliminate defenses available to the driver of the vehicle in a civil action.
Colorado's comparative negligence statute, § 13-21-111, C.R.S.2003, provides, in pertinent part:
(1) Contributory negligence shall not bar recovery in any action by any person ... to recover damages for negligence resulting in death or in injury to person or property, if such negligence was not as great as the negligence of the person against whom recovery is sought, but any damages allowed shall be diminished in proportion to the amount of negligence attributable to the person for whose injury, damage, or death recovery is made.
This statute applies when the comparative negligence of the plaintiff has been raised as a defense, there is evidence that both the plaintiff and the defendant were negligent, and such negligence caused the plaintiff's injuries. Bear Valley Church of Christ v. DeBose, 928 P.2d 1315 (Colo.1996). It "abrogated the traditional contributory negligence doctrine and in its place substituted a statutory scheme whereby a plaintiff in a negligence action may recover so long as his or her negligence was less than that of the defendant." Gordon v. Benson, 925 P.2d 775, 777 (Colo.1996); see Lyons v. Nasby, 770 P.2d 1250 (Colo.1989).
In Lyons v. Nasby, the supreme court rejected an argument similar to the one McCall makes here. In declining to rule that a defendant who is negligent per se cannot invoke the contributory or comparative negligence defense, the court stated, "the reasoning here is that the common-law doctrine of negligence per se should not be applied in such a manner to abrogate the legislatively imposed requirement that a jury determine the degree of negligence attributable to the plaintiff and defendant." Lyons, supra, 770 P.2d at 1259. The court further reasoned that to preclude a comparative negligence defense would be a statement that a defendant's violation of a statute is, as a matter of law, the proximate cause of the plaintiff's injuries.
In Lyons, the supreme court looked to McCormick v. United States, 539 F.Supp. 1179 (D.Colo.1982). In McCormick, the plaintiff brought a negligence action for injuries sustained after the defendant ran a red light and collided with the plaintiff. The plaintiff asserted the defendant was negligent per se. The court held that Colorado's comparative negligence statute required the court to apportion the parties' relative fault in determining the applicable recovery.
Here, the trial court instructed the jury as follows: "If a person is physically disabled, the standard of conduct to which he must conform to avoid being negligent is that of a reasonable person under like disability." This instruction was proper. See White v. Muniz, 999 P.2d 814, 818 (Colo.2000)("the mentally disabled are held to the reasonable person standard in negligence actions"); Johnson v. Lambotte, 147 Colo. 203, 363 P.2d 165 (1961)(mentally disabled persons can be negligent, and by inference comparatively negligent, just as any other person).
*1274 Accordingly, we conclude the trial court did not err in instructing the jury on comparative negligence.

III.
Next, McCall contends the trial court erred in imposing a duty of care on him because "the trial court found him to be incompetent as a witness," and "his mental capacities were so deficient that he could not function at a higher level than a six-year-old child." We disagree.

A.
Nothing in the record supports McCall's assertion that the trial court found him incompetent to testify. To the contrary, the record reveals that Meyers' counsel chose not to call him as a witness, despite the court's repeated offers to conduct a competency hearing.
Accordingly, because McCall's argument has no record support, it is not properly before this court. See Loomis v. Seely, 677 P.2d 400 (Colo.App.1983) (statements in briefs that are not substantiated in the record cannot be considered by this court).

B.
In support of his argument that he functioned at the level of a six-year-old child, defendant relies on the testimony of a Dr. Dietz. He states that "[a]ccording to Dr. Dietz's undisputed testimony, Mr. McCall has the mental functioning of a six-year-old child."
However, McCall does not include a record cite to Dr. Dietz's testimony, and the record on appeal contains no testimony from Dr. Dietz. Consequently, McCall's assertion will not be considered. See Fleet v. Zwick, supra (appellate court will not consider arguments unsupported by the record); Brighton Sch. Dist. 27J v. Transamerica Premier Ins. Co., 923 P.2d 328 (Colo.App.1996), aff'd, 940 P.2d 348 (Colo.1997); Westrac, Inc. v. Walker Field, 812 P.2d 714 (Colo.App.1991)(court declined to review the issue of denial of attorney fees where counsel failed to designate a portion of the record that supported his claims).

IV.
McCall contends the "trial court erred by instructing the jury the plaintiff could be comparatively negligent where plaintiff had a developmental disability that rendered him incompetent." We do not agree.
During the discussion about jury instructions, McCall did not object to the comparative negligence instruction on the grounds asserted on appeal. His only objection to the instruction was that the state statute should apply instead of the local traffic ordinance. Accordingly, because McCall did not raise this objection in the trial court, it is not properly before us for appellate review. See Estate of Stevenson v. Hollywood Bar & Cafe, Inc., 832 P.2d 718 (Colo.1992).
Judgment affirmed.
Justice KIRSHBAUM[*] and Judge NEY *concur.
NOTES
[*] Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S.2003.