**Lynn GOODWIN, Plaintiff–Appellant,**

**v.**

**Dan H. MORRIS, M.D., Defendant–Appellee.**

**No. 01CA2101.**

Colorado Court of Appeals,
Div. I.

Aug. 10, 2006.

---

\* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24-51-1105, C.R.S.2005.

Mahoney Law Firm, P.C., Dennis M. Mahoney, Paul M. Mahoney, Kevin S. Mahoney, Denver, Colorado, for Plaintiff–Appellant.

Montgomery Little & McGrew, P.C., Kari M. Hershey, Greenwood Village, Colorado, for Defendant–Appellee.

Prior Opinion Announced February 17, 2005, *WITHDRAWN*

Petition for Rehearing *GRANTED*

Opinion by Judge ROY.

In this wrongful death action arising from alleged medical malpractice, plaintiff, Lynn Goodwin, appeals the trial court's judgment as to the calculation of prejudgment interest. We reverse and remand for further proceedings.

In March 1995, plaintiff's husband, M. Jack Duksin (the patient), underwent surgery to repair a fractured thumb injured while skiing. As part of his preoperative workup, the patient's surgeon ordered a set of routine chest x-rays. The examining radiologist noticed an abnormal density located in the left upper lobe of one of the patient's lungs. The patient's surgeon recommended that he follow up with his primary health care provider and retrieve any prior x-rays taken of his chest to facilitate a comparison.

On March 30, 1995, the patient saw defendant, Dan H. Morris, M.D. (the physician), a board-certified family practitioner, to assess the abnormal density found in the chest x-ray. According to plaintiff, the physician performed a variety of tests, including comparisons of the current and past x-rays, and advised the patient that cancer had been ruled out.

According to the physician, however, he advised the patient that lung cancer was a possibility and that more follow up was necessary, but the patient decided to follow up with another health care professional. It is undisputed that the patient never sought additional medical advice or treatment.

In August 1998, the patient was diagnosed with metastatic cancer traceable to the 1995 anomaly. After briefly undergoing palliative treatment, the patient died on November 5, 1998.

Shortly before his death, the patient brought suit against the physician, alleging negligent medical care and advice. He died, however, before the matter was resolved. Subsequently, plaintiff converted the action into one for wrongful death. After a six-day trial, the jury returned a verdict finding the physician eighty-eight percent at fault and the patient twelve percent comparatively negligent. The jury awarded plaintiff $116,500 in past noneconomic damages, $1 million in future noneconomic damages, $383,500 in past economic damages, and $1.5 million in future economic damages, for a total verdict of $3 million.

The trial court reduced the award to reflect the comparative negligence findings and further reduced the past and future noneco-

nomic damages ($982,520) to $250,000 as mandated by the Colorado Health Care Availability Act (HCAA). *See* § 13–64–302(1)(b), C.R.S.2005. Thus, judgment was entered for $1,907,480. In addition, the trial court found that plaintiff's prejudgment interest should be calculated on the noneconomic damages after application of the HCAA cap, resulting in prejudgment interest of $403,669.27, some of which is attributable to noneconomic damages. This appeal followed.

On appeal, plaintiff challenged the constitutionality of the cap on noneconomic damages on a number of theories, but she withdrew those challenges at oral argument, leaving only her challenge the calculation of prejudgment interest.

■ Plaintiff argues that the trial court improperly calculated prejudgment interest on her noneconomic damages by doing so after reducing the jury's verdict to the HCAA cap. We agree.

Section 13–21–101, C.R.S.2005 (the prejudgment interest statute), provides in pertinent part:

(1) In all actions brought to recover damages for personal injuries sustained by any person resulting from or occasioned by the tort of any other person ... whether by negligence or by willful intent of such other person ... and whether such injury has resulted fatally or otherwise, it is lawful for the plaintiff in the complaint to claim interest on the damages alleged from the date said suit is filed; and, on and after July 1, 1979, it is lawful for the plaintiff in the complaint to claim interest on the damages claimed *from the date the action accrued.* When such interest is so claimed, it is the duty of the court in entering judgment for the plaintiff in such action *to add to the amount of damages assessed by the verdict of the jury, or found by the court,* interest on such amount calculated at the rate of nine percent per annum on actions filed on or after July 1, 1975, and at the legal rate on actions filed prior to such date, and *calculated from the date such suit was filed to the date of satisfying the judgment* and to include the same in said judgment as a part thereof. On actions

filed on or after July 1, 1979, the calculation shall include compounding of interest annually from the date such suit was filed.

(Emphasis added.)

As applicable to this proceeding, the relevant version of § 13–64–302(1)(b) provided, in pertinent part, as follows:

The total amount recoverable for all damages for a course of care for all defendants in any civil action for damages in tort brought against a health care professional ... whether past damages, future damages, or a combination of both, shall not exceed one million dollars, present value per patient, including any derivative claim by any other claimant, *of which not more than two hundred fifty thousand dollars, present value per patient, including any derivative claim by any other claimant, shall be attributable to noneconomic loss or injury ... whether past damages, future damages, or a combination of both* ....

Colo. Sess. Laws 1995, ch. 105, § 13–64–302(1) at 317 (emphasis added).

Section 13–64–302(2), C.R.S.2005, provides:

In any civil action described in subsection (1) of this section, *prejudgment interest awarded pursuant to section 13–21–101 that accrues during the time period beginning on the date the action accrued and ending on the date of filing of the civil action is deemed to be a part of the damages awarded in the action for the purposes of this section and is included within each of the limitations on liability that are established pursuant to subsection (1) of this section.*

(Emphasis added.)

■ The interpretation of a statute is a question of law which we review de novo. *McCall v. Meyers,* 94 P.3d 1271 (Colo.App. 2004). When the statute is clear and unambiguous, it must be applied as written, and a court need not resort to other rules of statutory construction. *In re K.M.B.,* 80 P.3d 914 (Colo.App.2003).

It is clear from the plain and unambiguous language of the foregoing statutory provisions that, in an action brought under the

HCAA (1) by virtue of § 13–64–302(2), prejudgment interest claimed for the time period commencing on the date the action accrued and terminating on the date the action is filed is subject to, and included within, the $250,000 cap on noneconomic damages; and (2) by virtue of § 13–21–101, interest claimed for the time period commencing on the date the action was filed and terminating on the date the judgment is satisfied is not included within the § 13–64–302(1) cap on noneconomic damages and is to be computed on the damages as awarded by the jury.

Here, plaintiff appeals only the calculation of prejudgment interest for the period commencing on the date the action is filed and terminating with the entry of judgment.

We conclude that the trial court erred in calculating the interest on the jury verdict after applying the statutory cap on noneconomic damages. In so concluding, we are cognizant that another division of this court has held that a plaintiff in a dental malpractice action under the HCAA could "not recover more than $250,000 in noneconomic loss, inclusive of prejudgment interest." *Dupont v. Preston*, 9 P.3d 1193, 1199 (Colo.App.2000), *aff'd on other grounds*, 35 P.3d 433 (Colo. 2001). However, in *Dupont*, there is no indication that the prejudgment interest claimed by the plaintiff there accrued during the period commencing with the filing of the action and terminating with the entry of judgment. Thus, it is not clear that *Dupont* addresses the precise issue presented here, and it is, therefore, distinguishable.

In addition, we are not persuaded by the physician's argument that the latter phrase of § 13–21–101, "or found by the court," modifies the former phrase, "by the verdict of the jury," in the prejudgment interest statute. First, in our view, the latter phrase "or found by the court" is clearly designed to cover the award of damages following a trial to the court sitting without a jury. Second, the reduced noneconomic damages following the application of the statutory cap are not damages "found by the court" but, rather, damages payable after the application of the cap.

Furthermore, we note that, as it did in the prejudgment interest statute, the legislature has also specifically treated a jury "verdict" and an entry of "judgment" as separate and distinct concepts in the HCAA. *See* § 13–64–205(1), (1)(f), C.R.S.2005; *cf.* C.R.C.P. 49 (referring to a jury's "verdict" and a court's entry of "judgment" as distinct elements of the trial process in the rule entitled "Special Verdicts and Interrogatories"); C.R.C.P. 54(f) (distinguishing between "verdict" and "judgment" in the rule entitled "Judgments; Costs"); C.R.C.P. 58 (distinguishing between the two terms in the rule entitled "Entry of Judgment").

Thus, in this instance, prejudgment interest for the period extending from the date of filing of the action to the date of entry of judgment is to be calculated on the "amount of damages assessed by the verdict of the jury" and is not subject to the $250,000 cap. To do otherwise would be to ignore the plain directive of the statute.

Therefore, the judgment is reversed as to the trial court's computation of prejudgment interest, and the case is remanded for a proper assessment of prejudgment interest consistent with this opinion.

Judge MÁRQUEZ and Judge CASEBOLT concur.