24CA1707 Howard v Estate of Welch 08-28-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA1707
Chaffee County District Court No. 24CV30005
Honorable Dayna Vise, Magistrate

---

Carrie Howard,

Plaintiff-Appellant,

v.

Estate of Peggy Welch,

Defendant-Appellee.

---

JUDGMENT AFFIRMED

Division IV
Opinion by JUDGE MEIRINK
Freyre and Gomez, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced August 28, 2025

---

Western Slope LAW, Nelson A Waneka, Glenwood Springs, Colorado, for
Plaintiff-Appellant

No Appearance for Defendant-Appellee

¶ 1 Plaintiff, Carrie Howard, appeals the district court's order dismissing her complaint for failure to prosecute under C.R.C.P. 41(b) and 121, section 1-10. We affirm the district court's judgment.

## I. Background

¶ 2 In April 2021, Howard was walking around her neighborhood and was bitten by Peggy Welch's dog. In April 2023, Howard filed a complaint against Welch in Chaffee County Case No. 23CV30017. Before the complaint was served on Welch, she passed away. Because Welch, as a deceased person, could no longer receive actual notice of the proceeding, Welch's counsel moved to quash service and to dismiss the complaint for lack of personal jurisdiction under C.R.C.P. 12(b)(2) and for insufficiency of service of process under C.R.C.P. 12(b)(4).

¶ 3 Howard filed an amended complaint naming Welch's estate as the defendant in the case. In October 2023, Howard filed a status report noting her struggles to perfect service of process and requesting dismissal for lack of personal jurisdiction over Welch as a deceased party. In November 2023, the court dismissed Case No. 23CV30017 without prejudice.

¶ 4    In February 2024, Howard refiled her amended complaint in a new case — the one before us now.[1]  Shortly after Howard filed her amended complaint, the court issued a delay reduction order (DRO).  The DRO required that returns of service on all defendants be filed within sixty-three days after the date of filing the complaint, which would have been April 19, 2024.  Howard did not file any proof of service.

¶ 5    On May 22, 2024, the district court issued a notice of dismissal for failure to prosecute.  The notice indicated that, pursuant to C.R.C.P. 41(b)(2) and C.R.C.P. 121, section 1-10, the case would be dismissed on June 26, 2024, unless Howard could show cause before then why the case should not be dismissed.

¶ 6    On June 13, 2024, Howard filed three affidavits for service with the court.  Howard did not file a response to the court's order to show cause justifying the delay or a document explaining the affidavits.  The first affidavit asserted that it served the personal

---

[1] Although one of Howard's attorneys was admitted pro hac vice in Case No. 23CV30017, he did not file a motion for pro hac vice status in the underlying case.  *See* C.R.C.P. 205.3 (requiring out-of-state counsel to file a verified motion with the trial court requesting permission to appear in a particular matter).

representative of Welch's estate but named Howard herself as the individual served. The other two affidavits indicated that service had been perfected on Welch's counsel in Case No. 23CV30005 and on Welch's insurer. Howard filed nothing else until after June 26, 2024.

¶ 7     In July 2024, Howard moved to vacate dismissal. In her motion, Howard stated that she was the personal representative of Welch's estate, that the complaint was served on Welch's previous attorney and Welch's insurer, and that delays in filing returns stemmed from the "responsible carrier's delays." Howard also indicated that she had been in discussions with Welch's previous counsel, that they anticipated the case would proceed, and that dismissal would prejudice Howard by resulting in additional expenses necessary to refile the complaint.

¶ 8     The district court took judicial notice that Case No. 23CV30017 was dismissed without prejudice and denied Howard's motion to vacate dismissal as follows:

> Plaintiff argues she has now served the estate of Peggy Welch. However, in the affidavit of service for the Estate of Peggy Welch, Plaintiff's affidavit establishes only that Plaintiff served *herself* (Carrie Howard). Additionally, the

> Court notes there is no affidavit of service that the present motion to vacate dismissal was served on the opposing party.
>
> For all these reasons, the Court DENIES the request to vacate the order of dismissal.

The court dismissed the case.

¶ 9      On August 26, 2024, Howard filed a motion requesting clarification and an explanation of the court's denial to vacate dismissal. In her motion, Howard explained that Welch did not have an established estate after she died, so, in a separate probate proceeding, Howard petitioned the court to create an estate and requested to be appointed as Welch's creditor and her personal representative. Howard attached exhibits from the probate proceeding appointing her as the personal representative of Welch's estate. Howard claimed that the affidavit of personal service on herself — as the personal representative — was formal proof that Welch's estate had been served.

¶ 10      In its order addressing Howard's motion requesting clarification, the district court again set forth the reasons it denied Howard's motion to vacate dismissal:

> The Court further notes the Court provided notice of dismissal for failure to prosecute

pursuant to C.R.C.P. Rule 121, section 1-15 unless good cause was shown within 35 days of the notice why the matter should not be dismissed. No response was filed within 35 days. The Plaintiff has failed to provide a satisfactory response as to why no response was filed within 35 days of the Court's notice of dismissal. Plaintiff's counsel did not act with due diligence to avoid dismissal or to provide good cause why the matter should not be dismissed.

The Court notes the Plaintiff failed to explain why Carrie Howard was serving herself to establish service on the Estate of Peggy Welch in prior motions. Finally, as previously noted, Plaintiff provided no certificate of service in her motion to vacate the dismissal.

For all the above reasons, the Court denied Plaintiff's motion to vacate dismissal.

¶ 11     Howard now appeals.

## II.    Discussion

¶ 12     In her brief, Howard asserts that the district court's dismissal and refusal to vacate the dismissal were based on the court's misunderstanding of the facts and posture of the case. Specifically, Howard contends that the district court abused its discretion by dismissing the action for failure to prosecute when Howard was appointed as the personal representative of Welch's estate; Howard provided the district court with returns of service showing she had

5

served herself before June 26, 2024; Howard timely filed a motion to vacate dismissal for failure to prosecute that was twice rejected by the district court clerk's office; none of the factors supporting dismissal for failure to prosecute were present; and dismissing the complaint would render Howard's claims time barred.

¶ 13　　We disagree for two reasons. First, Howard failed to show good cause why her complaint should not be dismissed. Second, some of the arguments Howard raises on appeal were not preserved, and we cannot consider them.

### A.　Standard of Review and Applicable Law

¶ 14　　The plaintiff bears the burden of prosecuting a case in due course without unusual delay. *Lake Meredith Reservoir Co. v. Amity Mut. Irrigation Co.*, 698 P.2d 1340, 1344 (Colo. 1985). Actions not prosecuted or brought to trial with due diligence may be dismissed by the court with prejudice after reasonable notice by the court in accordance with Rule 121, section 1-10. C.R.C.P. 41(b); *see also Lake Meredith*, 698 P.2d at 1344 ("The district courts have the inherent power to dismiss a claim for failure to prosecute."). Rule 121, section 1-10 requires the court to provide the parties with thirty-five days to respond to an order to show cause why the case

6

should not be dismissed for failure to prosecute. In the absence of a showing by the plaintiff of mitigating circumstances or a reasonable excuse for the delay, however, an unusual delay in prosecution justifies an exercise of the trial court's discretion in dismissing an action. *Lake Meredith,* 698 P.2d at 1344.

¶ 15 The decision whether to dismiss an action because of the plaintiff's failure to prosecute lies within the sound discretion of the trial court. *Id.* We review a district court's dismissal for abuse of discretion. *State Farm Mut. Auto Ins. Co. v. Steul,* 2020 COA 146, ¶ 16. The court abuses its discretion "only where its decision was manifestly arbitrary, unfair, unreasonable, or contrary to law." *Id.* at ¶ 17. Regardless of whether we agree with its decision, all that we require of the district court is to stay within the bounds of rationally available choices. *Id.*

B.  Howard Failed to Show Good Cause and Her Claims on Appeal Are Unpreserved

¶ 16 A month after Howard failed to comply with the filing deadline set forth in the DRO, the district court issued its notice of dismissal, giving Howard thirty-five days to show cause why the case should not be dismissed. Rather than filing a formal response

7

to the district court's order to show cause explaining the reason for the delay, Howard filed three affidavits evidencing proof of service. While filed before the June 26 deadline, the affidavits did not explain why Howard served herself, nor did they explain why Welch's previous counsel and insurance company were not served until June 10, 2024 — several weeks after the April 19, 2024, deadline to file proof of returns of service.

¶ 17 Without an explanation from Howard as to what unusual circumstances surrounded this case or justified an untimely filing of the affidavits, Howard failed to present mitigating circumstances to justify the untimely filing.

¶ 18 Though Howard eventually explained her circumstances in her motion to vacate and motion for clarification, these motions were filed after the June 26 automatic dismissal date and "failed to provide a satisfactory response as to why no response was filed within 35 days of the Court's notice of dismissal." Additionally, none of Howard's motions explain to the district court that she filed a timely response that was later rejected by the clerk's office. In her opening brief, Howard contends that the motion for clarification

was, in essence, a motion for reconsideration. But nowhere in the motion did she request reconsideration.

¶ 19 Instead, Howard raises these issues before this court and asks us to conclude that the district court abused its discretion by failing to consider circumstances that Howard did not explain to the district court before June 26 or at all. We will not consider these arguments as they were not first raised before the district court. *See Madalena v. Zurich Am. Ins. Co.*, 2023 COA 32, ¶ 50 (an argument must have first been presented to the district court for us to review it on appeal).

¶ 20 We are bound by the record presented and may consider only arguments and assertions supported by evidence in the record. *McCall v. Meyers*, 94 P.3d 1271, 1272 (Colo. App. 2004). A party cannot overcome a deficiency in the record by statements in the briefs; rather, we look solely to the record when determining whether the trial court acted properly. *Id.*

¶ 21 Howard never explained why she served herself, never explained why she served Welch's prior counsel and insurer late, and never provided good cause why her case should not be dismissed by the June 26 deadline. Although Howard could have

9

explained to the court that she was having difficulty serving the parties or referenced the probate proceedings, she did not. Instead, all the district court knew by June 26, 2024, was that Howard did not file her proof of service within the time required by the DRO, and that when she finally did file proof of service, the affidavit claiming service on Welch's estate inexplicably listed Howard herself as the person served.

¶ 22 We adhere to the party presentation principle, which relies on the parties to frame the issues to be decided and assigns to courts the role of neutral arbiters of the matters raised. *Galvan v. People*, 2020 CO 82, ¶ 45. This principle assumes that parties — at least those represented by counsel — know what is best for them and are responsible for advancing facts and arguments entitling them to relief. *See id.*; *see also United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990) ("Judges are not expected to be mindreaders. . . . [A] litigant has an obligation 'to spell out its arguments squarely and distinctly,' or else forever hold its peace." (citation omitted)).

¶ 23 Based on the record and the information Howard provided the district court before June 26, 2024, we cannot say the court abused its discretion by dismissing the case.

### III.   Disposition

¶ 24    The court's judgment is affirmed.

JUDGE FREYRE and JUDGE GOMEZ concur.