24CA1571 Marriage of Melendez 12-18-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA1571
Elbert County District Court No. 24DR21
Honorable Theresa Slade, Judge

In re the Marriage of

Enid Jannette Melendez,

Appellant,

and

Omar Munoz,

Appellee.

JUDGMENT AFFIRMED

Division VI
Opinion by JUDGE WELLING
Gomez and Sullivan, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced December 18, 2025

Enid Jannette Melendez, Pro Se

No Appearance for Appellee

¶ 1    Enid Jannette Melendez (wife) appeals the district court's judgment dissolving her marriage with Omar Munoz (husband). We affirm.

## I.    Background

¶ 2    In early 2024, wife filed a motion for a civil protection order against husband. The court entered a temporary protection order and set a hearing to determine whether it should be made permanent. Then, in a separate case, wife filed a petition to dissolve the four-year marriage between her and husband. The court consolidated the dissolution case and the protection order case, and it continued the temporary protection order.

¶ 3    In late 2024, the court held a final hearing to dissolve the marriage and determine the permanent protection order. Wife didn't appear at the hearing. After hearing testimony from husband, the court dissolved the marriage and entered permanent orders. In doing so, the court adopted husband's trial management certificate as its permanent orders, which allocated to each party approximately $30,000 of marital equity, and it ordered husband to pay wife maintenance. The court dismissed the protection order.

## II.     Discussion

¶ 4     Wife contends that the district court's permanent orders should be reversed on numerous grounds.  We address and reject her arguments as best we understand them.

### A.     Preliminary Matters

¶ 5     Wife represents herself on appeal, and we, therefore, liberally construe the arguments she raises.  *See Adams v. Sagee*, 2017 COA 133, ¶ 10.  Nonetheless, "pro se parties must comply with procedural rules to the same extent as parties represented by attorneys."  *Id.*  Under C.A.R. 28, an appellant's opening brief must include, among other things, a statement on "the applicable standard of review with citation to authority"; a statement on "whether the issue was preserved, and if preserved, the precise location in the record where the issue was raised and where the court ruled"; and "a clear and concise discussion of the grounds upon which the party relies in seeking a reversal . . ., with citations to the authorities and parts of the record on which the appellant relies."  C.A.R. 28(a)(7)(A)-(B).

¶ 6     Wife's opening brief doesn't comply with C.A.R. 28.  These requirements are necessary to facilitate our appellate review, and

wife's arguments are difficult to discern. *See Cikraji v. Snowberger*, 2015 COA 66, ¶ 10. We exercise our discretion to review wife's contentions, but we are limited by the information wife provided in her brief. *See id.* We therefore won't develop her arguments or search the record for the relevant facts that may support her claims. *See id.*; *see also Castillo v. Koppes-Conway*, 148 P.3d 289, 291 (Colo. App. 2006) (noting that it's not the appellate court's task to locate and synthesize the relevant facts, arguments, and legal authority). Nor will we consider any material that wife referenced or relied on that was not included in the appellate record. *See In re Marriage of McSoud*, 131 P.3d 1208, 1223 (Colo. App. 2006) ("Only facts appearing in the record can be reviewed . . . ."); *McCall v. Meyers*, 94 P.3d 1271, 1272 (Colo. App. 2004) ("[W]e are bound by the record presented and may consider only arguments and assertions supported by the evidence in the record.").

¶ 7     Wife also didn't provide transcripts of the district court hearings. *See* C.A.R. 10(d)(3) (It is the appellant's responsibility to "include in the record transcripts of all proceedings necessary for considering and deciding the issues on appeal."). In the absence of the transcripts, we must presume that the missing portions of the

record support the court's findings and conclusions. *See In re Marriage of Beatty*, 2012 COA 71, ¶ 15; *McSoud*, 131 P.3d at 1223.

## B. Due Process

¶ 8 Wife contends that the district court violated her due process rights by (1) denying her accommodations under the Americans with Disabilities Act (ADA), *see* 42 U.S.C. §§ 12131-12134, during the proceedings; and (2) striking "properly submitted exhibits." We disagree.

¶ 9 The essence of due process is fundamental fairness. *A.M. v. A.C.*, 2013 CO 16, ¶ 28. It requires that a party be provided with notice and a meaningful opportunity to be heard. *Am. Heritage Rys., Inc. v. Colo. Pub. Utils. Comm'n*, 2025 CO 27, ¶ 48. But "due process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972); *accord A.M.*, ¶ 28.

¶ 10 We review de novo whether a party was accorded sufficient procedural due process. *See People in Interest of C.J.*, 2017 COA 157, ¶ 25.

¶ 11 First, wife argues that the court's refusal to grant her requests for ADA accommodations, "including bilingual access, remote

filings, assistive technology, and access to transcripts," violated federal law and denied her due process rights. Wife doesn't direct us to the location in the record where she made any specific requests for an ADA accommodation or where the court denied her an accommodation that she had requested. *See* C.A.R. 28(a)(7)(A); *Castillo,* 148 P.3d at 291; *see also O'Quinn v. Baca,* 250 P.3d 629, 631 (Colo. App. 2010) (noting that we are "under no obligation" to scour the record to determine whether, and if so how, an issue was raised and resolved by the district court).

¶ 12    Nonetheless, on our review of the record, it appears that, early in the dissolution case, wife informed the court that she experienced "language barriers to effective communication" and was "identified as LEP (Limited English Proficiency) and ESL (English as a Second Language)." She also told the court that she needed a Spanish interpreter. In line with her disclosure, the court provided wife with an interpreter during the court hearings. Additionally, wife noted her language barrier when she asked the court for an award of prospective attorney fees so that she could hire an attorney. The court granted her request and directed husband to pay $5,000 to the attorney of wife's choosing. (However, an

attorney never entered an appearance for wife in the dissolution case.) The record, therefore, reveals that the court provided wife with resources that allowed her to participate in the proceedings in accordance with her due process rights.

¶ 13  Wife asserts that federal law entitled her to more, but she doesn't explain why the provisions on which she relies required the court to provide her with any of the resources or accommodations she mentions that went beyond those discussed above. *See* 42 U.S.C. § 12132; 28 C.F.R. § 35.160 (2025); Exec. Order 13,166, 65 Fed. Reg. 50121 (Aug. 11, 2000), *revoked by*, Exec. Order 14,224, 90 Fed. Reg. 11363 (Mar. 1, 2025). And wife doesn't direct us to any other legal authority to establish that the court violated federal law. *See In re Marriage of Drexler*, 2013 COA 43, ¶ 27 (noting the appellant's burden to provide legal authority to support a contention of error).

¶ 14  Second, wife argues that the court "struck 180 pages of properly submitted exhibits" that "included critical evidence related to ADA violations, financial abuse, guardianship rights, and domestic violence" "without notice, hearing, . . . justification," "or any articulated legal basis" in violation of her due process rights.

However, wife doesn't identify when she submitted the purported exhibits to the court or when the court purportedly struck them from the record. Nor does she direct us to anything in the record demonstrating that the court engaged in improper conduct concerning the purported exhibits. *See* C.A.R. 28(a)(7)(A); *O'Quinn*, 250 P.3d at 631; *Castillo*, 148 P.3d at 291. Our review is limited to the appellate record, and the record doesn't reveal any ruling by the court striking 180 pages of exhibits. *See McSoud*, 131 P.3d at 1223; *McCall*, 94 P.3d at 1272. We therefore reject wife's claim of a due process violation on this basis.

¶ 15    Moreover, to the extent wife intended to present these exhibits at the permanent orders hearing, the record reveals that she uploaded forty-nine pages of exhibits for the hearing. Wife failed to appear at the hearing to admit those exhibits, and it's unclear whether any of these exhibits were part of the 180 pages purportedly stricken by the court. A party who chooses not to appear at a hearing despite advance notice isn't deprived of due process. *In re Petition of Taylor*, 134 P.3d 579, 584 (Colo. App. 2006).

¶ 16     In sum, we conclude that based on the record before us, wife was afforded a meaningful opportunity to be heard, and we therefore aren't persuaded that the court violated her due process rights. *See, e.g.*, *Ortega v. Indus. Claim Appeals Off.*, 207 P.3d 895, 899 (Colo. App. 2009) ("Due process . . . calls for no specific procedure as long as the basic opportunity for a hearing and judicial review is present.").

## C.     Attorney Withdrawal

¶ 17     Wife next contends that her "retained attorney withdrew without motion, consent, or substitution," and that the attorney "met with opposing parties without [her] authorization, gave harmful legal advice, and knowingly placed [wife] in financial and procedural jeopardy." We discern no reversible error.

¶ 18     As best we can understand, wife refers to the attorney who represented her in the earlier county court case concerning her motion for a protection order against husband. *See Harriman v. Cabela's Inc.*, 2016 COA 43, ¶ 64 (acknowledging that an appellate court may take judicial notice of the court file and a court file in a related proceeding). Wife's former attorney indicated that her representation was limited to that county court case. After wife

filed her pro se petition to dissolve the marriage, her former attorney filed a motion to withdraw in the county court case. Wife didn't oppose the attorney's motion. The temporary protection order from the county court case was then consolidated into the dissolution of marriage case. And wife litigated the dissolution of marriage case without an attorney.

¶ 19    Even if we were to assume, without deciding, that wife's former attorney improperly withdrew her representation, a litigant in a dissolution of marriage case has no constitutional right to be represented by an attorney. *See People v. Cobb*, 944 P.2d 574, 576-77 (Colo. App. 1996). And wife develops no argument to explain how the withdrawal of her former attorney impacted the dissolution of marriage proceedings or warrants reversal of the court's judgment. *See In re Parental Responsibilities Concerning S.Z.S.*, 2022 COA 105, ¶ 29 (declining to address a legally and factually undeveloped argument); *People in Interest of A.C.*, 170 P.3d 844, 845 (Colo. App. 2007) (an alleged error, without a valid allegation of prejudice, is not grounds for reversal). We therefore won't disturb the court's judgment based on wife's allegations concerning her former attorney.

### D. Wife's Adult Son

¶ 20　Wife contends that the "court failed to include" her adult son in its "decisions involving the marital estate," arguing that the court's exclusion of her son violated section "14-10-124(1.5)(a)(VI), [C.R.S. 2025,] the ADA, and federal guardianship protections under the Developmental Disabilities Assistance and Bill of Rights Act." Section 14-10-124 concerns the allocation of parental responsibilities for "the minor children of the marriage." § 14-10-124(1); *see* § 14-10-106(1)(b), C.R.S. 2025; *see also In re Marriage of Tibbetts*, 2018 COA 117, ¶ 21 (concluding that "the parties' eighteen-year-old child is no longer subject to the dissolution court's jurisdiction"). Wife's adult son isn't a minor, and the record doesn't show that he is a child of the marriage. Wife also fails to legally and factually develop her suggestion that the court violated federal law. *See S.Z.S.*, ¶ 29. Wife therefore hasn't established that the court erred by not including her adult son in the dissolution proceedings.

¶ 21　Wife also contends that the court erred by excluding her adult son from the "protective orders." She develops no argument in support of this assertion. *See id.* Moreover, in a separately filed

10

county court case, wife's son filed his own motion for a protection order against husband. *See Harriman*, ¶ 64. That court considered and denied his motion in early 2024. Wife can't now challenge that decision in this appeal of the district court's judgment. *See, e.g.,* C.R.C.P. 411.

### E. Alleged Discrimination and Bias

¶ 22 Wife contends that she was "subjected to threats, discrimination, and obstruction by Colorado public officials, court staff, and law enforcement based on her Puerto Rican origin, [limited English proficiency] status, and disability." Wife directs us to nothing in the record supporting that claim. *See McSoud*, 131 P.3d at 1223; *McCall*, 94 P.3d at 1272. She fails to describe what specific "threats, discrimination, and obstruction" she experienced or when such purported conduct occurred. She also gives us no explanation for how the alleged misconduct related to the dissolution of marriage proceedings or why it warrants reversal of the court's judgment. *See S.Z.S.*, ¶ 29; *A.C.*, 170 P.3d at 845.

¶ 23 To the extent wife suggests that the district court exhibited bias against her, for such a claim to succeed the record must clearly demonstrate that "the judge's conduct departed from the

required impartiality to such an extent as to deny [wife] a fair trial." *People v. Coria*, 937 P.2d 386, 391 (Colo. 1997). Her bare assertions and speculative statements of bias, unsupported by the record, are insufficient. *See id.*

## F. Remaining Contentions

¶ 24 Wife generally asserts that the court disregarded evidence of domestic violence, dismissed her financial and legal contributions, and forced the parties to mediate, and she claims that "[d]ocuments" were manipulated, improperly accessed, and ignored. Because wife failed to develop any argument in support of these assertions, we won't further address them. *See S.Z.S.*, ¶ 29.

## III. Disposition

¶ 25 The district court's judgment is affirmed.

JUDGE GOMEZ and JUDGE SULLIVAN concur.