25CA1041 Marriage of Coward 05-21-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 25CA1041
La Plata County District Court No. 19DR2064
Honorable Kim S. Shropshire, Judge

In re the Marriage of

Stacy Denise Cobb-Coward,

Appellant,

and

James Jason Coward,

Appellee.

ORDER AFFIRMED

Division I
Opinion by JUDGE J. JONES
Fox and Dunn, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced May 21, 2026

Stacy Denise Cobb-Coward, Pro Se

Durango Justice Advocates, Ingrid A. Alt, Durango, Colorado, for Appellee

¶ 1     In this post-decree dissolution of marriage case, Stacy Denise Cobb-Coward (mother) appeals the district court's order allowing Jason Coward (father) to apply for a passport for A.C-C. (the child) without the need for mother's signature or consent. We affirm.

## I. Background

¶ 2     The court entered a decree of legal separation on September 20, 2016, which it later converted to a decree of dissolution of marriage. Initially, mother and father shared joint legal custody and major decision-making responsibility for the child. In 2018, father moved to restrict mother's parenting time, which the court granted after a hearing. The court ordered that father would have sole decision-making responsibility, except that he could not make changes to the child's school placement or therapy without an order from the court. The court limited mother's parenting time to two professionally supervised visits per week and weekly phone calls, and it ordered her to seek and obtain a psychological evaluation and file the report with the court. The court later suspended mother's supervised visits.

¶ 3     On April 18, 2025, father filed a motion for an order authorizing him to apply for a passport for the child. In it, father's

1

counsel certified that she had reached out to mother regarding the relief requested but hadn't received a response. Seventeen days later, father's counsel filed a notice that mother had responded and that she opposed the motion.[1]

¶ 4 Mother didn't file a response. Thus, on May 12, 2025, twenty-four days after father filed the motion, the court granted the motion. Mother then filed a "Motion for Trial on Order for Minor to Have a Passport" on May 19, 2025, asking the court to set a hearing on the motion for a passport. The court denied mother's motion, explaining that it allowed mother twenty-one days to respond to father's motion and, when she didn't, it timely ruled. The court noted that even if it "generously construed" mother's request for a hearing as a "motion to reconsider" its order, mother didn't cite any error of fact or law justifying reconsideration. Mother appeals.

---

[1] In the answer brief, father's counsel represents that she filed the notice on April 24, 2025. But the record shows that she filed it on May 5, 2025.

## II. Discussion

### A. Preliminary Matters

¶ 5    "[P]ro se parties must comply with procedural rules to the same extent as parties represented by attorneys." *Adams v. Sagee*, 2017 COA 133, ¶ 10. Under C.A.R. 28, an appellant's opening brief must include, among other things, a statement on "the applicable standard of review with citation to authority"; a statement on "whether the issue was preserved, and if preserved, the precise location in the record where the issue was raised and where the court ruled"; and "a clear and concise discussion of the grounds upon which the party relies in seeking a reversal . . . , with citations to the authorities and parts of the record on which the appellant relies." C.A.R. 28(a)(7)(A)-(B). Mother's opening brief doesn't comply with C.A.R. 28. These requirements are necessary to facilitate our appellate review, and mother's arguments are difficult to discern. *See Cikraji v. Snowberger*, 2015 COA 66, ¶ 10. We exercise our discretion to review mother's contentions, but we are limited by the information mother provided in her brief. *See id.* We won't develop her arguments or search the record for the relevant facts that may support them. *See id.*; *see also Castillo v. Koppes-*

*Conway*, 148 P.3d 289, 291 (Colo. App. 2006) (noting that it isn't the appellate court's task to locate and synthesize the relevant facts, arguments, and legal authority).

¶ 6    We also won't consider any material that mother referenced or relied on that wasn't included in the appellate record. *See In re Marriage of McSoud*, 131 P.3d 1208, 1223 (Colo. App. 2006) ("Only facts appearing in the record can be reviewed . . . ."); *McCall v. Meyers*, 94 P.3d 1271, 1272 (Colo. App. 2004) ("[W]e are bound by the record presented and may consider only arguments and assertions supported by the evidence in the record.").

### B.    Due Process

¶ 7    Mother asserts that the district court violated her due process rights by ruling on father's motion without giving her twenty-one days to respond. We aren't persuaded.

¶ 8    The essence of due process is fundamental fairness. *A.M. v. A.C.*, 2013 CO 16, ¶ 28. It requires that a party be provided with notice and a meaningful opportunity to be heard. *Am. Heritage Rys., Inc. v. Colo. Pub. Utils. Comm'n*, 2025 CO 27, ¶ 48. But "due process is flexible and calls for such procedural protections as the

particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972); *accord A.M.*, ¶ 28.

¶ 9     We review de novo whether a party was accorded sufficient procedural due process. *See People in Interest of C.J.*, 2017 COA 157, ¶ 25. However, we review discretionary procedural rulings — including decisions concerning the timing and consideration of motions —for an abuse of discretion. *Premier Members Fed. Credit Union v. Block*, 2013 COA 128, ¶ 9. A district court abuses its discretion when its decision rests on a misunderstanding or misapplication of the law or is manifestly arbitrary, unreasonable, or unfair. *In re Marriage of Gibbs*, 2019 COA 104, ¶ 8.

¶ 10    The district court didn't violate mother's right to due process. Mother had more than the allotted twenty-one days to respond to father's motion. She failed to file a response. The court acted well within its discretion by ruling on the motion after the time for mother to respond had elapsed. *See Premier Members Fed. Credit Union*, ¶ 9; *see also* C.R.C.P. 121 § 1-15.3 (failure of a responding party to file a responsive brief may be considered a confession of the motion).

¶ 11 On appeal, mother appears to assert that the twenty-one-day deadline began to run when father's counsel filed a notice that mother opposed the motion. But mother provides no authority, nor are we aware of any, supporting her assertion that father's supplemental notice of mother's position somehow restarted the deadline for her to respond to his motion.

¶ 12 In her request for a hearing, mother provided no information about why she didn't respond to the motion within the allotted time. She didn't claim she was unaware of father's motion or that she received it late. Nor does she do so on appeal. In sum, we can't agree with mother that the court denied her the chance to respond in violation of her due process protections or that it abused its discretion by ruling on father's motion after the time for mother's response had passed.

### C. Rules of Professional Responsibility

¶ 13 Mother also appears to assert that the court erred by failing to find that father's counsel violated certain Colorado Rules of Professional Responsibility. Mother asserts that father's counsel initially told the court that his motion was unopposed, thus violating the prohibition on making false statements of material fact

and engaging in conduct involving dishonesty, fraud, deceit or misrepresentation. Colo. R. P. Resp. 4.1, 8.4(c).

¶ 14   The record belies mother's contention. Father's counsel reported that she had reached out to mother but hadn't received a response. Then, once a response was received, counsel filed a notice with the court. Moreover, mother didn't assert that father's counsel had violated any Rules of Professional Responsibility in her motion for a hearing on the passport request and, accordingly, she hasn't preserved her arguments relating to counsel's statements in the motion. *See Markus v. Brohl*, 2014 COA 146, ¶ 63 (declining to consider arguments not presented to or ruled upon by the district court).

## D.   Other Contentions

¶ 15   Mother also generally asserts that the court's ruling implicated her Fifth, Sixth, and Fourteenth Amendment rights. But she doesn't explain which of the court's actions violated her constitutional rights or describe how they did so. Accordingly, we won't address these arguments further. *Woodbridge Condo. Ass'n*

*v. Lo Viento Blanco, LLC*, 2020 COA 34, ¶ 41 n.12, *aff'd*, 2021 CO 56.[2]

## III.    Disposition

¶ 16    We affirm the order.

JUDGE FOX and JUDGE DUNN concur.

---

[2] Father's counsel's opening brief includes several footnotes that don't comply with C.A.R. 32(a)(1)'s font size requirement.  We caution father's counsel to adhere to all the rules governing briefs filed in this court.